UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERTO GARCIA LOPEZ,

        Plaintiff,

    v.

VERNON LIGGINS, IN HIS
OFFICIAL CAPACITY AS FIELD
OFFICE DIRECTOR FOR
DETENTION & REMOVAL, *et al.*,

        Defendants.

Case No. 2:26-cv-1163-KCD-NPM

## ORDER

Petitioner Roberto Garcia Lopez has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA") and the Fifth Amendment. (*Id.* ¶ 3.) Respondents oppose the petition (Doc. 33.) For the reasons below, the petition is **DENIED**.

### I. Background

Lopez is a native of Guatemala who entered the United States in 2024 without inspection. (Doc. 1 ¶ 18.) A final order of removal was entered on September 27, 2024, and he was removed the following month. (Doc. 33-11 at

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

2.) He crossed the border again weeks later. He was detained and his prior removal order reinstated. (Doc. 33-6.) On December 20, 2024, Lopez was released on an Order of Supervised Release. (Doc. 33-8.) He was then provided with a "Warning for Failure to Comply with Terms of Supervised Release." (Doc. 33-9.) On December 19, 2025, he was taken into ICE custody for violating his release and remains detained at this time.

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

Lopez argues that his due process rights have been violated because he has not been provided a bond hearing. (Doc. 1 at 7.) Not so. ICE reinstated his prior removal order on November 18, 2024. (Doc. 33-6.) The Immigration and Nationality Act (at § 1231) requires detention of noncitizens during the

removal period, which normally begins on the date the removal order becomes administratively final.

According to the only evidence before the Court, there are no pending agency proceedings relevant to Lopez's removal. The September 2024 removal order—which was reinstated after he re-entered the country—is administratively final and ready to be executed. Because he is subject to a final removal order, Lopez's detention is governed by § 1231. He is thus not entitled to release, a bond hearing, or any other habeas relief based on the claims asserted in his habeas petition. And his detention does not run afoul of the due process clause because he has only been detained since December 19, 2025. As the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain under § 1231 does not stretch into infinity, but for the first six months, detention is presumptively reasonable. 533 U.S. 678, 701 (2001). Any claim under *Zadvydas* is premature because Lopez has not been detained for longer than six months since his removal order was reinstated.

## IV. Conclusion

Roberto Garcia Lopez's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**ORDERED** in Fort Myers, Florida on May 7, 2026.

Kyle C. Dudek
United States District Judge